22-1322-cv
*Knowyourmeme.com Network v. Nizri*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand twenty-three.

PRESENT:   Guido Calabresi,
                       Steven J. Menashi,
                       Myrna Pérez,
                                *Circuit Judges.*

_____

KNOWYOURMEME.COM     NETWORK,     INC.,
PALISADES CAPITAL, INC.,

   *Plaintiffs-Appellants*,

  v.                                                              No. 22-1322

JACOB NIZRI, WE ENDEAVOR LTD., LITERALLY
MEDIA, LTD.,

   *Defendants-Appellees*,

MINDAD INC., MINDAD DIGITAL LTD., ORI
ELRAVIV, DOES 1 THROUGH 20,

   *Defendants*.

_____

*For Plaintiffs-Appellants*:                         Baruch S. Gottesman, Fresh Meadows, NY.

*For Defendants-Appellees*:                    Robert S. Bernstein, Holland & Knight LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants KnowYourMeme.com ("KYM") and Palisades Capital appeal the district court's dismissal of their lawsuit against Defendant-Appellee Literally Media. The district court determined that a forum selection clause covered all claims raised by Plaintiffs and that therefore the complaint should be dismissed according to the doctrine of *forum non conveniens*. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

**I**

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Texas*, 571 U.S. 49, 60 (2013). "A valid forum selection clause is given controlling weight in all but the most exceptional cases." *Id.* at 63. "[F]orum selection clauses are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances or unless the forum selection clause was invalid for such reasons as fraud or overreaching." *Magi XXI, Inc. v. Stato della Città del Vaticano,* 714 F.3d 714, 720-21 (2d Cir. 2013) (internal quotation marks and citation omitted).

To determine whether a forum-selection clause warrants dismissal, we use a four-part test. We ask (1) whether the clause was reasonably communicated,

2

(2) whether the clause is mandatory or permissive, and (3) whether the claims and parties involved in the suit are subject to the clause. If these three conditions are met, the forum selection clause is presumptively enforceable. A party can overcome this presumption only by (4) "making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014) (quoting *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383-84 (2d Cir. 2007)).

"A contractually-based forum selection clause also covers tort claims," even "against non-signatories," if "the tort claims ultimately depend on the existence of a contractual relationship between the signatory parties." *Magi XXI*, 714 F.3d at 724 (internal quotation marks omitted). "[A] non-signatory to a contract containing a forum selection clause may enforce the forum selection clause against a signatory when the non-signatory is 'closely related' to another signatory." *Id*. at 723.

A business tort claim arises out of a contract if the claim depends on the existence of a contractual relationship. *Phillips*, 494 F.3d at 388-89; *Magi XXI*, 714 F.3d at 724. The key question is whether the tort claims "arise from the contract," *Yak v. BiggerPockets, L.L.C.*, No. 20-3498, 2022 WL 67740, at *3 (2d Cir. Jan. 7, 2022) (quoting *Fin. One Pub. Co. v. Lehman Bros. Special Fin., Inc.*, 414 F.3d 325, 335 (2d Cir. 2005)), or "are only incidental to the contractual relationship," *id*. "Because of the strong public policy favoring enforcement of forum selection clauses, courts have construed these clauses broadly to encompass tort claims brought in relation to the contract and/or which arise out of the business relationship." *Montoya v. Cousins Chanos Casino, LLC*, No. 651353/11, 2012 WL 118475, at *5 (N.Y. Sup. Ct. Jan 12, 2012).

In this case, KYM and Palisades Capital brought seven claims: (1) breach of contract, (2) specific performance, (3) fraudulent inducement or fraudulent misrepresentation, (4) negligent misrepresentation, (5) interference with a

contractual relationship, (6) intentional interference with prospective business advantage, and (7) unjust enrichment.

The Letter of Intent ("LOI") to which the parties agreed on September 17, 2018, provides that "[a]ny action or proceeding seeking to enforce any provision of, or based on any right arising out of, this Letter may be brought … against [Literally Media Ltd.] (or any of its officers, directors, shareholders, and/or representatives) exclusively in the courts of the State of Israel, and each of the Parties consents to the jurisdiction of such courts (and of the appropriate appellate courts) in any such action or proceeding and waives any objection to venue as described herein." App'x 65 ¶ 10.

The first two claims clearly fall within the scope of this forum selection clause because those claims "enforce … provision[s]" of the LOI. App'x 65 ¶ 10. KYM's and Palisades Capital's third claim is labeled "fraudulent inducement or fraudulent misrepresentation." App'x 36. A fraudulent inducement claim does not always assume the existence of a contract. But here, KYM and Palisades Capital do not seek recission but seek to enforce the terms of the LOI and to collect damages because the contemplated merger did not take place.[1] Accordingly, this claim also seeks to interpret and enforce the contract, and the forum selection clause also applies to this claim. *See Montoya*, 2012 WL 118475, at *5 (explaining that fraud-based claims "grow out of the contractual relationship between the parties and require interpretation of the contract for resolution"); *Triple Z Postal Servs., Inc. v. United Parcel Serv., Inc.*, No. 118057/05, 2006 WL 3393259, at *9 (N.Y. Sup. Ct. Nov. 24, 2006) (explaining that the resolution of a "fraudulent misrepresentation claim" is "inextricably linked to the parties['] contractual

---

[1] *See* App'x 36 ¶ 43 ("Defendant[s'] misrepresentations thr[ough] omission while negotiating and executing four agreements were acts of promissory fraud."); *id.* at 37 ¶ 44 (alleging that Literally Media was "rejecting and reneging on its obligation to complete the acquisition"); *id.* at 38 ¶ 46 ("Defendants … knew the representations they were making in each such agreements were false.").

4

relationship, the contract and its interpretation, and therefore encompassed by the Forum Selection Clause").

The negligent misrepresentation claim similarly requires interpreting the LOI to determine if there were enforceable agreements and whether the alleged misrepresentation implicated KYM's and Palisades Capital's contractual rights.[2] This claim is accordingly subject to the forum selection clause.

The interference with contractual relationship claim, intentional interference with prospective business advantage claim, and unjust enrichment claim all similarly assume the existence of both an enforceable agreement and enforceable rights between the parties pursuant to it. These claims implicate "right[s] arising under" the LOI. Resolution of these claims thus requires an interpretation of the LOI. *See Banca Di Credito Cooperativo di Civitanova Marche e Montecosaro Soc. Cooperativa v. Small*, 852 F. App'x 15, 21 (2d Cir. 2021) ("[F]orum selection clauses apply to unjust enrichment claims where the claims 'relate to the rights and duties set out in the agreements' and 'cannot be properly adjudicated without determining whether the parties were in compliance with the agreements.'") (alterations omitted) (quoting *Magi XXI*, 714 F.3d at 725). That means these three claims are subject to the forum selection clause.

KYM and Palisades Capital further argue that even if all the claims against Literally Media are covered by the forum selection clause, some of the claims against Jacob Nizri and We Endeavor Ltd. are not covered because those defendants "were not parties to the jurisdiction clause." Appellants' Br. 18. But the forum selection clause extends to claims against any of Literally Media's "officers, directors, shareholders, and/or representatives." App'x 65 ¶ 10. Nizri is the Chairman of Literally Media and is therefore covered by the clause. We Endeavor does not exist as an independent entity, but even if it did its relationship with KYM

_____

[2] *See* App'x 42 ¶ 55 ("Defendants should have known Defendant LM made representations in all four agreements which were false and incorrect.").

5

and Palisades Capital is limited to the negotiations over the LOI, in which it acted as a representative of Literally Media. So it too would be covered by the clause.

We conclude that the forum selection clause covers KYM's and Palisades Capital's claims against all the defendants. The district court did not err when it dismissed the complaint.

## II

KYM and Palisades Capital argue that the district court lacked subject-matter jurisdiction and should have remanded the case to state court. *See* Appellants' Br. 17 ("[A]ny analysis of the doctrine of *forum non conveniens* should only be conducted if the Court finds unequivocally that it has jurisdiction over the dispute."). But the Supreme Court has made clear that while "jurisdictional questions ordinarily must precede merits determinations in dispositional order," a "federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)).

Because "*forum non conveniens* is a nonmerits ground for dismissal," a district court "may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." *Id.* at 432 (internal quotation marks omitted). The district court did not err in following that course here.

## III

A dismissal based on the doctrine of *forum non conviens* is not a dismissal on the merits and for that reason is generally without prejudice. *See Chick Kam Choo v. Exxon*, 486 U.S. 140, 148 (1988) (noting that a district court "did not resolve the merits" of a claim because "the only issue decided by the District Court was that petitioner's claims should be dismissed under the federal *forum non conveniens*

6

doctrine"). Because the district court did not indicate otherwise, we understand its dismissal to have been without prejudice so that KYM and Palisades Capital may pursue the case in the appropriate forum.

*       *       *

We have considered KYM's and Palisades Capital's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court